**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric Cardoza Leyva, | CV 18-01823-PHX-JGZ (LAB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Charles L. Ryan; et al., | |
| Respondents. | |

Pending before the court is a petition for writ of habeas corpus filed on June 8, 2018, by Eric Cardoza Leyva, an inmate currently held in the Arizona State Prison Complex in Kingman, Arizona. (Doc. 1)

Pursuant to the Rules of Practice of this court, the matter was referred to Magistrate Judge Bowman for report and recommendation. LRCiv 72.2(a)(2).

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order dismissing the petition. It is time-barred.

Summary of the Case

Leyva was convicted after a plea of guilty to molestation of a child and attempted molestation of a child. (Doc. 12-1, pp. 35-39, 43) On April 10, 2014, the trial court sentenced Leyva, pursuant to a plea agreement, to 17 years' imprisonment and lifetime probation. *Id.*; (Doc. 12-1, pp. 14-16) At the sentencing hearing, the trial court informed Leyva in writing of

1 | his right to file notice of post-conviction relief within 90 days of entry of judgment. (Doc. 12-1, p. 41)

On July 18, 2016, approximately two years later, Leyva filed notice of post-conviction relief (PCR). (Doc. 12-1, p. 46) He filed a petition on August 9, 2016. (Doc. 12-1, p. 61) The trial court dismissed the PCR proceedings on September 28, 2017 as untimely. (Doc. 12-1, p. 66) Leyva then had 30 days to file a petition for review. Ariz.R.Crim.P. 32.9(c)(1)(A)

On April 30, 2018, approximately seven months later, Leyva filed a petition for review with the Arizona Court of Appeals. (Doc. 12-1, p. 68) He argued counsel took payment up-front and was ineffective for failing to reasonably prepare and ethically defend the action. (Doc. 12-1, p. 69) He argued PCR counsel was ineffective for failing to find any colorable claims. (Doc. 12-1, p. 70) The Arizona Court of Appeals dismissed the petition for review as untimely on May 7, 2018. (Doc. 12-1, pp. 73-74)

On June 4, 2018, Leyva constructively filed in this court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1, p. 11) He claims counsel was ineffective for failing to investigate, failing to prepare for sentencing, failing to present evidence of mitigating circumstances, failing to make meritorious arguments, failing to assert provocation, failing to introduce additional evidence of good character pertaining to his military service, and failing to exclude inadequate evidence against the defendant. (Doc. 1, pp. 6-7) Furthermore, counsel withheld important information to coerce the defendant to sign the plea agreement. *Id*. His claims are entirely conclusory without any further explanation or factual support. *Id*.

On October 3, 2018, the respondents filed an answer arguing, among other things, that the petition is time-barred. (Doc. 12) The respondents are correct. The court does not reach the respondents' alternate arguments.

Leyva filed a reply on November 5, 2018. (Doc. 15) He argues this court should set aside the time bar and address the merits of his claims. (Doc. 15, p. 3)

//

//

Discussion

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). The petition, however, must be filed within the applicable limitation period or it will be dismissed. The statute reads in pertinent part as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The "one-year statute of limitations . . . applies to each claim in a habeas application on an individual basis." *Mardesich v. Cate*, 668 F.3d 1164, 1170 (9th Cir. 2012).

The limitation period for all of Leyva's claims was triggered on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It does not appear to the court that any of the other possible "triggers" apply here. And, Leyva does not raise the issue.

Leyva was sentenced on April 10, 2014. (Doc. 12-1, pp. 35-39, 43) He then had 90 days to file notice of his of-right post-conviction relief. *See* Ariz.R.Crim.P. 32.4(a)(2)(C); (Doc. 12-1, p. 41) His judgment became final when he did not do so on July 9, 2014. *See Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007) ("AEDPA's one-year statute of limitations does not

- 3 -

begin to run until the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or until the expiration of the time for seeking such proceeding or review.").

The limitation period begin running the next day and expired one year later on July 9, 2015. *See Hemmerle v. Schriro*, 495 F.3d 1069, 1077 (9th Cir. 2007), *cert. denied*, 555 U.S. 829 (2008). Leyva constructively filed the pending petition on June 4, 2018, almost three years later. (Doc. 1, p. 11) (Leyva placed the pending petition in the prison mailing system on this date.) It is time-barred.

Leyva's notice of post-conviction relief filed on July 18, 2016, did not renew the limitation period, which expired in 2015. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

In his petition, Leyva concedes that his Rule 32 petition and his petition for review were untimely, but he argues that his counsel is responsible for this delay. (Doc. 1, p. 11) He does not explain why he filed the pending habeas petition more than one year after his conviction became final. *Id*.

In his reply brief, Leyva asserts in a conclusory fashion that the court should address his claims on the merits because a fundamental miscarriage of justice has occurred in his case. (Doc. 15, p. 5)

A "fundamental miscarriage of justice" occurs if a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 495-496 (1986). Under certain circumstances, a claim of "actual innocence" serves as a "gateway through which a petitioner may pass whether the impediment is a procedural bar or expiration of the statute of limitations." *Stewart v. Cate*, 757 F.3d 929, 937-938 (9th Cir. 2014). "When an otherwise time-barred habeas petitioner presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error, the Court may consider the petition on the merits." *Id*. (punctuation modified). "The Supreme Court has recently cautioned, however, that tenable actual-innocence gateway pleas are rare." *Id*. "A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence,

no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*.

To establish a claim of "actual innocence" the petitioner must first present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S. Ct. 851, 865 (1995). Here, however, Leyva does not present any new evidence undermining his convictions. Instead, he asserts in a conclusory fashion that counsel was ineffective during the plea negotiation stage. Leyva has not made a credible showing of "actual innocence" to rescue his untimely petition.

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DISMISSING the petition for writ of habeas corpus. (Doc. 1) It is time-barred.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, they may be deemed waived. The Local Rules permit a response to an objection. They do not permit a reply to a response.

DATED this 10th day of December, 2018.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge