WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric Cardoza Leyva, | No. CV-18-0001823-PHX-JGZ (LAB) |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

Pending before the Court is Magistrate Judge Leslie A. Bowman's Report recommending that the Court dismiss Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 18.) Petitioner has filed an objection to the Report and Recommendation. (Doc. 19.) Having considered the Report and Recommendation, the Petition, and the arguments raised in Plaintiff's Objection, the Court will overrule the objection and adopt Judge Bowman's recommendation for dismissal of the Petition.

## STANDARD OF REVIEW

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn,* 474

U.S. 140, 149 (1985). *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Reyna-Tapia,* 328 F.3d at 1121; *Schmidt v. Johnstone,* 263 F.Supp. 2d 1219, 1226 (D. Ariz. 2003).

## DISCUSSION[1]

Petitioner's objection raises essentially the same arguments he raised before Magistrate Judge Bowman. As thoroughly explained by Magistrate Jude Bowman, Petitioner is not entitled to relief because his Petition is untimely filed. Moreover, Petitioner has not established that a fundamental miscarriage of justice has occurred in his case. Because Petitioner's objections do not undermine the analysis and proper conclusion reached by Magistrate Judge Bowman, Petitioner's objections are rejected and the Report and Recommendation is adopted.

## CERTIFICATE OF APPEALABILITY

Before Petitioner can appeal this Court's judgment, a certificate of appealability (COA) must issue. *See* 28 U.S.C. §2253(c); Fed. R. App. P. 22(b)(1); Rule 11(a) of the Rules Governing Section 2254 Cases. "The district court must issue or deny a certification of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases. Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." The court must indicate which specific issues satisfy this showing. *See* 28 U.S.C. §2253(c)(3). With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For procedural rulings, a COA will issue only if reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right and whether the court's procedural ruling was correct. *Id*. Applying these standards, the Court concludes that a certificate should not issue, as the resolution of the petition is not debatable among reasonable jurists.

---

[1] The factual and procedural history of this case is set forth in the Magistrate Judge's Report and Recommendation. (Doc. 18.)

**CONCLUSION**

IT IS ORDERED THAT:

1. The Report and Recommendation (Doc. 18) is ADOPTED.
2. Petitioner's Objection to the Report and Recommendation (Doc. 19) is OVERRULED.
3. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is DISMISSED with prejudice.
4. A certificate of appealability is DENIED.
5. The Clerk of Court shall enter judgment accordingly and close the file in this action.

Dated this 5th day of February, 2019.

_____
Honorable Jennifer G. Zipps
United States District Judge